UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

**DARRYL EMERY GORDON,**

        Debtor.

CASE NO.: 10-10454-3G1

# PLAN OF REORGANIZATION

*[signature]*

**REHAN N. KHAWAJA, ESQUIRE**
Florida Bar No.:  0064025
Bankruptcy Law Offices of Rehan N. Khawaja
817 North Main Street
Jacksonville, Florida 32202
Telephone:  904) 355-8055
Facsimile:  (904) 355-8058
Electronic Mail:  Khawaja@fla-bankruptcy.com

Attorney for Debtor-in-Possession

## ARTICLE I
## SUMMARY

This plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy code (the "code") proposes to pay creditors of the Debtor from future income of the Debtor derived from rental income generated from the rental property that the Debtor owns.

This Plan provides for 1 class of priority tax claims, 10 classes of secured claims and 2 classes of unsecured claims. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 10 cents on the dollar. This Plan also provides for the payment of the administrative and priority claims either upon the effective date of the Plan or as allowed under the Bankruptcy code. All creditors and equity security holders should refer to Article II through VI of this Plan of information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of the creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

| | | |
|---|---|---|
| 2.01 | Class No. 1: | All allowed claims entitled to priority under 11 U.S.C. § 507 (except administrative expenses claims under 11 U.S.C. § 507 (a)(8)). |
| 2.02 | Class No. 2: | The claim of or serviced by BAC Home Loan Servicing to the extend allowed as a secured claim under Section 506 of the Bankruptcy Code, secured by Debtor's homestead property located at 10603 Wesson Way, Jacksonville, Florida. |
| 2.03 | Class No. 3: | The claim of or serviced by Aurora Loan Servicing to the extend allowed as a secured claim under Section 506 of the Bankruptcy Code, secured by Debtor's property located at 716 West 21st Street, Jacksonville, Florida. |

**2.04   Class No. 4:**   The claim of or serviced by First Franklin Loan Servicing / BAC Home Loans Servicing, L.P. to the extend allowed as a secured claim under Section 506 of the Bankruptcy Code, secured by Debtor's property located at 452 East 45th Street, Jacksonville, Florida.

**2.05   Class No. 5:**   The claim of or serviced by Chase Home Mortgage to the extend allowed as a secured claim under Section 506 of the Bankruptcy Code, secured by Debtor's property located at 6597 Arancio Drive, West, Jacksonville, Florida.

**2.06   Class No. 6:**   The claim of or serviced by Chase Home Mortgage to the extend allowed as a secured claim under Section 506 of the Bankruptcy Code, secured by Debtor's property located at 6832 West Virginia Avenue, Jacksonville, Florida.

**2.07   Class No. 7:**   The claim of or serviced by BAC Home Loans Servicing, to the extend allowed as a secured claim under Section 506 of the Bankruptcy Code, secured by Debtor's property located at 1645 West 24th Street, Jacksonville, Florida.

**2.08   Class No. 8:**   The claim of or serviced by BAC Home Loans Servicing to the extend allowed as a secured claim under Section 506 of the Bankruptcy Code, secured by Debtor's property located at 1939 West 30th Street, Jacksonville, Florida.

**2.09   Class No. 9:**   The claim of or serviced by Bank of America Mortgage or BAC Home Loans Servicing, L.P. to the extend allowed as a secured claim under Section 506 of the Bankruptcy Code, secured by Debtor's property located at 4016 North Stuart Street, Jacksonville, Florida.

**2.10   Class No. 10:**   The claim of or serviced by JM Associates Federal Credit Union to the extend allowed as a secured claim under Section 506 of the Bankruptcy Code, secured by Debtor's 2007 Toyota Tundra.

**2.11   Class No. 11:**   The claim of or serviced by Mike Hogan, Tax Collector to the extend allowed as a secured claim under Section 506 of the Bankruptcy Code, secured by Debtor's properties.

**2.12   Class No. 12:**   The claim of Healthcares Coop Credit Union, secured by certain bank deposits.

**2.13   Class No. 13:**     All unsecured claims allowed under Section 502 of the Bankruptcy Code including any deficiency claims that may arise as a result of treatment of Classes 2 through 11 creditors.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

**3.01. Unclassified Claims:**     Under section §1123(a)(1), administrative expense claims, and priority tax claims are not considered as "class" under the Bankruptcy Code.

**3.02. Administrative Expense Claims:**     Each holder of an administrative expense claim allowed under §503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

**3.03. Priority Tax Claims:**     Each holder of a priority tax claim will be paid in full along with interest at the rate of 5.00%, by regular installments within 5 years from the effective date of the Plan.

**3.04. United States Trustee Fees:**     All fees required to be paid by 28 U.S.C. § 1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

# ARTICLE IV
# TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interest shall be treated as follows under this Plan:

| CLASS | CLAIM NO IF AVAILBALE | IMPAIRMENT | TREATMENT |
|---|---|---|---|
| Class No. 1 – Priority Claims. | | N/A | Class No. 1 is unimpaired by this Plan, and each holder of a Class No. 1 Priority Claim will be paid in full, upon the later of the effective date of this Plan as defined in Article VIII, or the date on which such claim is allowed by a non-final appealable order, except tax claims that will be paid over sixty (60) months from the effective date of the Plan together with interest at the rate of 4.00% per annum simple interest. |
| Class No. 2 - BAC Home Loan Servicing. | Claim No. 9 | Impaired | Class No. 2 is unimpaired by this Plan.<br><br>The holder of the claim hold a mortgage on Debtor's homestead property located at 10603 Wesson Way, Jacksonville, Florida.<br><br>Debtor shall commence the regular monthly payments on this debt beginning the effective date of the plan. The pre-petition arreagares in the amount of $44,671.69, together with the post-petition arrearages up through the effective date of the Plan shall be cured over 120 months, commencing from the effective date of the Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. To the extent that the foregoing mortgage secures an escrowed load, then the escrow portion of the |

| | | | |
|---|---|---|---|
| | | | payment shall be added to the above-mentioned principal / interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. |
| Class No. 3 – Aurora Loan Servicing. | Claim No. 5 | Impaired | Class No. 3 is impaired by this Plan.<br><br>The holder of the claim hold a mortgage on Debtor's rental property located at 716 West 21st Street, Jacksonville, Florida.<br><br>The Debtor will value this property at the replacement value of $57,693.00. The Debtor will pay the valuation amount together with fixed interest at the rate of 4.5% per annum, simple interest, by 360 monthly payments of $291.23, commencing from the effective date of the Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier.<br><br>To the extent that the foregoing mortgage secures an escrowed load, then the escrow portion of the payment shall be added to the above-mentioned principal / interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. |
| Class No. 4 – First Franklin Loan Servicing / BAC Home Loan Servicing, L.P. | Claim No. 13 | Impaired | Class No. 4 is impaired by this Plan.<br><br>The holder of the claim hold a mortgage on Debtor's rental property located at 452 East 45th Street, Jacksonville, Florida.<br><br>The Debtor will value this property at the replacement value of $69,173.00. The Debtor will pay |

| | | | |
|---|---|---|---|
| | | | the valuation amount together with fixed interest at the rate of 4.5% per annum, simple interest, by 360 monthly payments of $349.18, commencing from the effective date of the Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier.<br><br>To the extent that the foregoing mortgage secures an escrowed load, then the escrow portion of the payment shall be added to the above-mentioned principal / interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. |
| Class No. 5 – Chase Home Mortgage | Claim No. 6 | Impaired | Class No. 5 is impaired by this Plan.<br><br>The holder of the claim hold a mortgage on Debtor's rental property located at 6597 Arancio Drive, Jacksonville, Florida.<br><br>The Debtor will value this property at the replacement value of $134,198.00. The Debtor will pay the valuation amount together with fixed interest at the rate of 4.5% per annum, simple interest, by 360 monthly payments of $677.42, commencing from the effective date of the Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier.<br><br>To the extent that the foregoing mortgage secures an escrowed load, then the escrow portion of the payment shall be added to the above-mentioned principal / interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. |

| Class No. 6 – Chase Home Mortgage. | Claim No. 12 | Impaired | Class No. 6 is impaired by this Plan.<br><br>The holder of the claim hold a mortgage on Debtor's rental property located at 6832 West Virginia Avenue, Jacksonville, Florida.<br><br>The Debtor will value this property at the replacement value of $52,493.00. The Debtor will pay the valuation amount together with fixed interest at the rate of 4.5% per annum, simple interest, by 360 monthly payments of $264.98, commencing from the effective date of the Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier.<br><br>To the extent that the foregoing mortgage secures an escrowed load, then the escrow portion of the payment shall be added to the above-mentioned principal / interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier.<br><br>To the extent that the foregoing mortgage secures an escrowed load, then the escrow portion of the payment shall be added to the above-mentioned principal / interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. |

| Class No. 7 – BAC Home Loans Servicing, L.P. | Claim No. 10 | Impaired | Class No. 7 is impaired by this Plan.<br><br>The holder of the claim hold a mortgage on Debtor's rental property located at 1645 West 24th Street, Jacksonville, Florida.<br><br>The Debtor will value this property at the replacement value of $53,059.00. The Debtor will pay the valuation amount together with fixed interest at the rate of 4.5% per annum, simple interest, by 360 monthly payments of $267.84, commencing from the effective date of the Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. To the extent that the foregoing mortgage secures an escrowed load, then the escrow portion of the payment shall be added to the above-mentioned principal / interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. |
|---|---|---|---|
| Class No. 8 – BAC Home Loans Servicing, L.P. | Claim No. 15 | Impaired | Class No. 8 is impaired by this Plan.<br><br>The holder of the claim hold a mortgage on Debtor's rental property located at 1939 West 30th Street, Jacksonville, Florida.<br><br>The Debtor will value this property at the replacement value of $41,146.00. The Debtor will pay the valuation amount together with fixed interest at the rate of 4.5% per annum, simple interest, by 360 monthly payments of $207.70, commencing from the effective date of the Plan or the date that the Court orders Adequate Protection |

| | | | |
|---|---|---|---|
| | | | to the creditor, whichever is earlier.<br><br>To the extent that the foregoing mortgage secures an escrowed load, then the escrow portion of the payment shall be added to the above-mentioned principal / interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. |
| Class No. 9 – Bank of America Mortgage / BAC Home Loans Servicing, L.P. | Claim No. 11 | Impaired | Class No. 9 is impaired by this Plan.<br><br>The holder of the claim hold a mortgage on Debtor's rental property located at 4016 North Stuart Street, Jacksonville, Florida.<br><br>The Debtor will value this property at the replacement value of $61,298.00. The Debtor will pay the valuation amount together with fixed interest at the rate of 4.5% per annum, simple interest, by 360 monthly payments of $309.43, commencing from the effective date of the Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier.<br><br>To the extent that the foregoing mortgage secures an escrowed load, then the escrow portion of the payment shall be added to the above-mentioned principal / interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. |
| Class No. 10 – JM Associates Federal Credit Union. | Claim No. 4 | Unimpaired | Class No. 10 is impaired by this Plan.<br><br>The holder of the claim hold a mortgage on Debtor's 2007 Toyota Tundra. |

| | | | |
|---|---|---|---|
| | | | The Debtor will continue making contractual monthly payments of $500.52, commencing from the effective date of the Plan, until the debt is paid in full. |
| Class No. 11 - Mike Hogan, Tax Collector. | | Unimpaired | Class No. 11 is unimpaired by this Plan.<br><br>The holder of the claim holds statutory liens on Debtor's real properties located in Duval County, Florida.<br><br>There are no delinquent real estate owed by the Debtor, therefore, noting will be distributed to this Class under this Chapter 11 Plan. |
| Class No. 12 – Healthcares Coop Credit Union. | Claim No. 2 | Impaired | Class No. 12 is Impaired by this Plan.<br><br>The holder of the claim hold a lien on certain bank deposits.<br><br>Debtor owes $3,540.53 on this debt. The foregoing amount shall be paid together with fixed interest at the rate of 4.5% per annum, simple interest, over 60 months, by a monthly payment of $65.76, commencing from the effective date of this Plan. |
| Class No. 13 – General Unsecured Claims | | Impaired | Class No. 13 includes all unsecured claims allowed under Section 502 of the Bankruptcy Code including any deficiency claims that may arise as a result of treatment of Classes 2 through 11 creditors.<br><br>Debtor has non-exempt assets worth $8,200.00. Debtor shall purchase his non-exempt assets from Debtor-in-Possession for |

|  |  |  | $8,200.00 to be paid over eight (8) months from the effective date of the Plan. After accumulating these funds, same will be distributed pro rata, among unsecured creditor. |
|--|--|--|--|

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

**5.01. Disputed Claim:** A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either : (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

**5.02. Delay of Distribution on a Disputed Claim.** No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

**5.03. Settlement of Disputed Claims.** The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.01 Assumed Executory Contracts and Unexpired Leases.**
    (a) The Debtor assumes the following executory contracts and/or unexpired Leases effective upon the effective date of this Plan as provided in Article VII:

        (i) Leases between debtor and all tenants currently renting properties on the effective date of this Chapter 11 Plan.

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01 (a) above, or before the date of the order confirming this Chapter 11 Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THIS PLAN

**7.01 Property of the Estate; Release of Liens:** The Debtor will retain all property of the estate and such property shall revest in the Debtor at discharge. Thereafter, the Debtor may use, acquire and dispose of his property free of any restrictions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Court. As of the effective date of this Chapter 11 Plan, all property retained by the Debtor and sold shall be free and clear of any and all liens and interests except as specifically provided in the Plan or the order confirming Plan.

**7.02 Duty to Correctly Credit Payments:** Confirmation of this Chapter 11 Plan shall impose an affirmative duty on the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust to recalibrate any accounting system designed to account for distributions made under this Chapter 11 Plan to the value of each claim as provided under this Plan and to apply the direct post-petition monthly payments paid on account of the Debtor to the month in which each payment was paid, whether or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense, forbearance or similar account. All payments made to any creditors on account of the Debtor after confirmation of this Plan.

# ARTICLE VIII
# GENERAL PROVISIONS

**8.01. Definitions and Rules of Construction.** The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or constructed in the Bankruptcy Code are used in this Plan, and as are generally understood.

**8.02. Effective Date of Plan.** The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

**8.03. Severability.** If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect or any other provision of this Plan.

**8.04. Binding Effect.** The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**8.05. Captions.** The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of the Plan.

**8.06. Controlling Effect.** Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**8.07. Corporate Governance.** No provisions required by § 1123(a)(6) of the Code.

## ARTICLE IX
## DISCHARGE

**9.01. Discharge.** On the confirmation date of this Chapter 11 Plan, the Debtor will be discharged from any debt that arose before the confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Bankruptcy Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind in § 1141 (d)(6)(A) if a timely complaint was filed in accordance with Rule 4007 (c) of the Federal Rules of Bankruptcy Procedures; or (iii) of a kind specified in § 1141 (d)(6)(B).

## ARTICLE X
## OTHER PROVISIONS

**10.01. Payments.** Payments to the various Classes under this Chapter 11 Plan shall commence twenty (20) days after the date that the Plan of Re-organization becomes final and non-appealable unless otherwise specifically stated with respect to treatment o each particular class.

**DATED:** This 26th day of May, 2011.

/s/ Rehan N. Khawaja

REHAN N. KHAWAJA, ESQUIRE
Florida Bar No. 0064025
Bankruptcy Law Offices of Rehan Khawaja
817 North Main Street
Jacksonville, FL 32202
Telephone:   (904) 355-8055
Facsimile:   (904) 355-8058
E-Mail:      Khawaja@fla-bankruptcy.com

Attorney for Debtor

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was furnished to Office of the United States Trustee, 135 W, Central Boulevard, Suite # 620 Orlando, FL 32801 and to all interested parties as listed on the attached matrix, by CM/ECF filing or by United States First Class Mail, by depositing the same on this 26th day of May, 2011.

/s/ Rehan N. Khawaja
REHAN N. KHAWAJA, ESQUIRE
Florida Bar No. 0064025
Bankruptcy Law Offices of Rehan Khawaja
817 North Main Street
Jacksonville, FL 32202
Telephone:   (904) 355-8055
Facsimile:   (904) 355-8058
E-Mail:      Khawaja@fla-bankruptcy.com

Attorney for Debtor

Label Matrix for local noticing
113A-3
Case 3:10-bk-10454-PMG
Middle District of Florida
Jacksonville
Thu May 26 09:09:02 EDT 2011

BAC Home Loans Servicing, LP, c/o Prober & R
20750 Ventura Blvd., Suite 100
Woodland Hills, CA 91364-6207

Chase Home Finance, LLC
Ben-Ezra & Katz, P.A.
c/o Monica Reyes
2901 Stirling Road Suite 300
Fort Lauderdale, FL 33312-6529

Darryl Emery Gordon
10603 Wesson Way
Jacksonville, FL 32221-3112

JM Associates Federal Credit Union
c/o Elba Serrano-Torres
P.O. Box 4128
Tallahassee, FL 32315-4128

Rehan N. Khawaja
817 North Main Street
Jacksonville, FL 32202-3094

AT&T Mobile
P.O. Box 8212
Aurora, IL 60572-8212

Afni, Inc.
P.O. Box 3427
Bloomington, IL 61702-3427

Amcol Systems Inc
111 Lancewood Road
Columbia, SC 29210-7523

Ar Resources Inc
P.O. Box 1056
Blue Bell, PA 19422-0287

Ashley L. Simon, Esquire
P.O. Box 800
1505 North Florida Avenue
Tampa, FL 33602-2613

Auroa Loan Services
P.O. Box 1706
Scottsbluff, NE 69363-1706

Aurora Loan Services
10350 Park Meadows Drive
Littleton, CO 80124-6800

Aurora Loan Services, LLC
Mark Peery
9409 Philadelphia Road
Baltimore MD 21237-4103

Aurora Loan Services, LLC
P. O. Box 5180
Attn: Cashiering
Denver, CO 80217-5180

BAC Home Loan
P.O. Box 5170
Simi Valley, CA 93062-5170

BAC Home Loan
P.O. Box 650070
Dallas, TX 75265-0070

BAC Home Loan Servicing, LP
Bankruptcy Dept
Mail Stop CA6-919-01-23
400 National Way
Simi Valley, CA 93065-6414

BAC Home Loans Servicing, L.P.
C/o Brad W. Hissing, Esq.
PO Box 800
Tampa, FL 33601-0800

BAC Home Loans Servicing, LP
400 National Way
Mail Stop: CA6-919-01-23
Simi Valley, CA 93065-6414

BAC Home Loans Servicing, LP
Bk. Dept., Mail Stop CA6-919-01-23
400 National Way
Simi Valley, CA 93065-6414

BAC Home Loans Servicing, LP
c/o Prober & Raphael, A Law Corporation
20750 Ventura Blvd., Suite 100
Woodland Hills, CA 91364-6207

Bank Card Services
P.O. Box 94014
Palatine, IL 60094-4014

Bank of America
P.O. Box 650070
Dallas, TX 75265-0070

Bank of America Mortgage
1425 N.W. 62nd Street
Fort Lauderdale, FL 33309-1990

Bankcard Service Center
P.O. Box 15710
Wilmington, DE 19886-5710

Baptist Medical Center
800 Prudential Drive
Jacksonville, FL 32207-8211

Beneficial
P.O. Box 8873
Virginia Beach, VA 23450-8873

Beneficial/Hfc
P.O. Box 3425
Buffalo, NY 14240-3425

Benjamin Ladouceur, Esquire
5110 Eisenhower Boulevard
Suite 120
Tampa, FL 33634-6338

| | | |
|---|---|---|
| Capital One<br>P.O. Box 71083<br>Charlotte, NC 28272-1083 | Capital One Bank (USA), N.A.<br>by American Infosource Lp As Agent<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Chase<br>P.O. Box 15153<br>Wilmington, DE 19886-5153 |
| Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145 | Chase Home Finance LLC<br>3415 Vision Drive<br>Columbus, OH 43219-6009 | Chase Home Finance, LLC<br>c/o Ben Ezra & Katz, PA<br>2901 Stirling Rd., Ste 300<br>Ft. Lauderdale FL 33312-6529 |
| Chase Home Finance, LLC<br>c/o Brad W. Hissing, Esq.<br>POB 800<br>Tampa Fl 33601-0800 | Chase Home Finance, LLC<br>c/o Monica Reyes<br>2901 Stirling Road Suite 300<br>Fort Lauderdale, FL 33312-6529 | Chase Home Mortgage<br>P.O. Box 9001871<br>Louisville, KY 40290-1871 |
| Collection<br>94 Wells Avenue<br>Newton, MA 02459 | Comcast<br>5934 Richard Street<br>Jacksonville FL 32216-5951 | Consolidated Laboratories<br>1201 Monument Road, Suite 303<br>Jacksonville FL 32225-6494 |
| Credit Management Lp<br>4200 International Pkwy<br>Carrollton, TX 75007-1912 | Creditors Financial Group<br>P.O. Box 440290<br>Aurora, CO 80044-1500 | FIA Card Services, NA as successor in intere<br>Bank of America NA and MBNA America Bank<br>1000 Samoset Drive<br>DE5-023-03-03<br>Newark, DE 19713-6000 |
| Fac/Nab<br>480 James Robertson Parkway<br>Nashville, TN 37219-1212 | Ffcc-Colmbus<br>Po Box 20790<br>Columbus, OH 43220-0790 | First Franklin Loan Service<br>150 Allegheny Center Mall<br>Locator #24-040<br>Pittsburgh, PA 15212-5335 |
| First Franklin Loan Service<br>P.O. Box 660598<br>Locator #24-040<br>Dallas, TX 75266-0598 | Florida Dept. of Revenue<br>Bankruptcy Unit<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 | Frost Arnett Agt for North FL Anesthesia Con<br>PO Box 198988<br>Nashville, TN 37219-8988 |
| Frost-Arnett Company<br>P.O. Box 198988<br>Nashville, TN 37219-8988 | Greenspoon Marder, P.A.<br>Trade Center South, Suite #<br>100 West Cypress Creek Road<br>Fort Lauderdale, FL 33309-2181 | Healthcares Coop Cu<br>9790 Touchton Road<br>Jacksonville, FL 32246-8227 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | JM Assoc Federal Credit Unio<br>8019 Bayberry Road<br>Jacksonville, FL 32256-4431 | M J Altman Companies I<br>112 E Fort King Street<br>Ocala, FL 34471-2123 |
| Mike Hogan Tax Collector<br>117 W. Duval Street<br>Suite # 480<br>Jacksonville, FL 32202-5721 | North Florida Anesthesia<br>2165 Herschel Street<br>Jacksonville, FL 32204-3819 | Patricia Gordon<br>10603 Wessen Way<br>Jacksonville, FL 32221-3112 |

| | | |
|---|---|---|
| (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Regional Adjustment Bureau<br>7000 Goodlett Parkway, Ste 501<br>Cordova TN 38016-4917 | Secretary of the Treasury<br>15th & Pennsylvania Ave., NW<br>Washington, DC 20220-0001 |
| Shapiro & Fishman, LLP<br>10004 North Dale Mabry Highw<br>Suite 112<br>Tampa, FL 33618-4421 | St. Vincent Electrocardiogra<br>1 Shircliff Way<br>Jacksonville, FL 32204-4748 | St. Vincent's Medical Center<br>P.O. Box 45167<br>Jacksonville, FL 32232-5167 |
| Suntrust Bank<br>7455 Chancellor Drive<br>Orlando, FL 32809-6213 | U.S. Securities & Exchange Commission<br>Reorganization Branch, Atlanta<br>3475 Lenox Rd., NE, Ste. 1000<br>Atlanta, GA 30326-3235 | United States Attorney<br>300 North Hogan St Suite 700<br>Jacksonville, FL 32202-4204 |
| United States Attorney<br>300 North Hogan Street, Room 700<br>Jacksonville FL 32202-4204 | Wells Fargo Bank NA<br>4137 121st Street<br>Urbandale IA 50323-2310 | Wells Fargo Card<br>P.O. Box 66041<br>Dallas, TX 75266 |
| Brad W. Hissing +<br>Kass Shuler Solomon Spector Foyle et al<br>PO Box 800<br>Tampa, FL 33601-0800 | United States Trustee - JAX 11 +<br>135 W Central Blvd, Suite 620<br>Orlando, FL 32801-2440 | Timothy S Laffredi +<br>135 West Central Blvd Suite 620<br>Orlando, FL 32801-2476 |
| Allison B Duffie +<br>Ben-Ezra & Katz, PA<br>2901 Stirling Road, Suite 300<br>Fort Lauderdale, FL 33312-6529 | Elba N Serrano-Torres +<br>Williams Gautier<br>Post Office Box 4128<br>Tallahassee, FL 32315-4128 | Robert M Peery +<br>Morris Hardwick Schneider<br>9409 Philadelphia Road<br>Baltimore, MD 21237-4103 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Internal Revenue Service<br>400 W. Bay Street<br>Suite # 35045<br>Jacksonville, FL 32202 | (d)Internal Revenue Service<br>PO Box 21126<br>Philadelphia, PA 19114 | Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk, VA 23541 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Aurora Loan Services, LLC | (u)BAC Home Loans Servicing, L.P. | (u)Chase Home Finance, LLC |

(u)Paul M. Glenn
Jacksonville

(u)Bright House Network

(d)JM Associates Federal Credit Union
c/o Elba Serrano-Torres
P.O. Box 4128
Tallahassee, FL 32315-4128


(d)Rehan N. Khawaja +
817 North Main Street
Jacksonville, FL 32202-3028

End of Label Matrix
Mailable recipients   77
Bypassed recipients    7
Total                 84