## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE:

DARRYL EMERY GORDON,

CASE NO.: 10-10454-3G1

Debtor.

## ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION
## DATED MAY 26, 2011

The Plan under Chapter 11 of the Bankruptcy Code dated May 26, 2011, having been

transmitted to creditors and equity security holders; and it having been determined after hearing

on notice that the requirements for Confirmation set forth in 11 U.S.C. § 1129(a) have been met

and the requirements of 11 U.S.C. § 1129 (b) been satisfied by independent motions, it is

**ORDERED:**

1.    The Debtor's Plan of Reorganization dated May 26, 2011, [Docket No. 55], as

      amended in open Court on November 29, 2011, is confirmed. A copy of the

      Confirmed Plan is attached.

2.    The Plan was amended in open Court to include the following:

      (a)    As to Class No 2 - BAC Home Loan Servicing: This class is impaired,

             therefore, the treatment column should be amended to read "Class No. 2 is

             impaired by this Plan."

      (b)    As to Class No. 10 - JM Associates Federal Credit Union: This class is

             unimpaired, therefore, the treatment column should be amended to read

1

"Class No. 10 is unimpaired by this Plan."

3.     The Plan was further modified by 11 U.S.C. § 1129 (b) motions filed as to Classes

2, 3, 6, and 12, and Orders entered on the said motions, [Dock. Nos. 104, 105,

112, & 124].

4.     Payments to Classes 4, 7, and 8 were further modified by the stipulation between

the class holders and the Debtor.

5.     The treatment of all classes along with the frequency of payments, reflecting

amendments and 11 U.S.C. § 1129 (b) Orders, is attached herewith as Exhibit

"A."

6.     The reorganized Debtor shall timely pay post-confirmation quarterly fees assessed

pursuant to 28 U.S.C. § 1930 (a)(6) until such time as this Bankruptcy Court

enters a final decree closing this Chapter 11 case, or enters an order either

converting this case under Chapter 7 or dismissing this case.  After confirmation,

pursuant to 11 U.S.C. § 1106 (a)(7) and Bankruptcy Rule 2015 (a)(5), the

reorganized Debtor shall file with the Bankruptcy Court and shall serve on the

United States Trustee a financial report or statement of disbursement for each

quarter (or portion thereof) that this Chapter 11 case remains open, in a format

prescribed by the United States Trustee.

7.     The Debtor shall file a notice of filing tax return on the docket of this Chapter 11

case together with a copy of the (redacted) tax return tending to show Debtor's tax

liability.

2

8.    This Order supersedes any Adequate Protection Orders previously entered in this case and same shall be of no further force and effect. This Order imposes an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages, and/or deeds of trust that collect payments disbursed under this Plan to credit payments in the manner required by the Plan in accordance with 11 U.S.C. § 524(I).

9.    Secured creditors shall retain any lien on property in which the estate has an interest to the extent of the value of such a creditor's interest in the estate's interest in such property. Except as modified by the Plan or this Order, all terms of the loan documents shall remain in full force and effect, including escrow provisions allowing for adjustment of escrow am,ounts as necessary over the life of the Plan upon notice to the Debtor as prescribed by the applicable RESPA provisions and/or the note and mortgage.

10.    Confirmation of the Plan does not revest the property of the estate in the Debtor. Property of the estate shall revest in the Debtor only upon Discharge of the case.

11.    The Court reserves jurisdiction to enforce the payment schedule to secured mortgage creditors as set forth in the Plan or this Order.

12.    Any objection filed by creditor which is not prosecuted at the confirmation hearing is deemed withdrawn and/or overruled by the entry of this Order.

13.    Confirmation of the individual Debtor's Plan does not discharge any debt provided for in the Plan until the Court grants a discharge on completion of all unsecured payments under the Plan, or as otherwise provided in 11 U.S.C. § 1141

(d)(5). The Debtor will not be discharged from any debt excepted from discharge under Section 523 of the Code, except provided in Fed. R. Bank. P. 4007 (c).

14. The Court may, however, upon Motion and hearing, at its discretion administratively close the case without entry of a discharge, until the plan payments have been made. Upon completion of all unsecured payments under the Plan or as otherwise available to the Debtor under 11 U.S.C. § 1141(d)(5)(B), the Debtor may file a Motion to Reopen the Case for the limited purpose of obtaining a Discharge.

15. The Debtor is not entitled to a discharge in this case until completion of all unsecured payments under the Plan. To the extent that the case is dismissed or converted to one under Chapter 7, then the creditors' liens shall be restored to pre-petition status and amount, with credit for any post-petition payments received (as applied under the pre-petition contractual status).

16. Within ten (10) days from the date of entry of this Order, the Debtor-in-Possession shall transmit a copy of this Order along with a copy of the Plan to all creditors and parties in interest.

**DONE and ORDERED** at Jacksonville, Florida this _____ day of June, 2013.

_____

**PAUL M. GLENN**
United States Bankruptcy Judge

Attorney Rehan N. Khawaja is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

EXHIBIT "A"

| CLASS | CLAIM NO IF AVAILBALE | IMPAIRMENT | TREATMENT |
|---|---|---|---|
| Class No. 1 – Priority Claims. | | N/A | Class No. 1 is unimpaired by this Plan, and each holder of a Class No. 1 Priority Claim will be paid in full, upon the later of the effective date of this Plan as defined in Article VIII, or the date on which such claim is allowed by a non-final appealable order, except tax claims that will be paid over sixty (60) months from the effective date of the Plan together with interest at the rate of 4.00% per annum simple interest. |
| Class No. 2 - BAC Home Loan Servicing. | Claim No. 9 | Impaired | Class No. 2 is impaired by this Plan.<br><br>The holder of the claim hold a mortgage on Debtor's homestead property located at 10603 Wesson Way, Jacksonville, Florida.<br><br>Debtor shall commence the regular monthly payments of $2,909.91 per month, commencing March 1, 2012.  Such monthly payments shall be subject to periodic change in the ordinary course pursuant to the terms of the Note and Mortgage.<br><br>There is a total arrearage through March 1, 2012 is $84,823.15, which is comprised of pre-petition arreagares in the amount of $44,671.69, (pre-petition arrearage), and post-petition arrearages in the amount of $40,151.55 (post-petition arrearage).<br><br>The Debtor shall cure the total |

| | | | |
|---|---|---|---|
| | | | arrearage of $84,823.15 over 90-months, by making equal monthly payments of $942.48, per month, commencing March 1, 2012 and continuing on the 1st day of each and every month until paid in full.<br><br>To the extent that the foregoing mortgage secures an escrowed load, then the escrow portion of the payment shall be added to the above-mentioned principal / interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. |
| Class No. 3 – Aurora Loan Servicing. | Claim No. 5 | Impaired | Class No. 3 is impaired by this Plan.<br><br>The holder of the claim hold a mortgage on Debtor's rental property located at 716 West 21st Street, Jacksonville, Florida.<br><br>The Debtor will value this property at the replacement value of $60,000. The Debtor will pay the valuation amount together with fixed interest at the rate of 5.25% per annum, simple interest, by 360 monthly payments of $331.32, commencing from the effective date of the Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier.<br><br>To the extent that the foregoing mortgage secures an escrowed load, then the escrow portion of the payment shall be added to the above-mentioned principal / interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. |

| Class No. 4 – First Franklin Loan Servicing / BAC Home Loan Servicing, L.P. | Claim No. 13 | Impaired | Class No. 4 is impaired by this Plan. |
|---|---|---|---|
| | | | The holder of the claim hold a mortgage on Debtor's rental property located at 452 East 45th Street, Jacksonville, Florida. |
| | | | The Debtor will value this property at the replacement value of $69,173.00. The Debtor will pay the valuation amount together with fixed interest at the rate of 4.5% per annum, simple interest, by 360 monthly payments of $350.49, commencing from **June 1, 2013.** |
| | | | To the extent that the foregoing mortgage secures an escrowed load, then the escrow portion of the payment shall be added to the above-mentioned principal / interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. |
| | | | **Commencing June 1, 2013, the total; monthly payment shall be $584.32**, which shall include $350.49 for principal and interest; $157.99 for real estate taxes; and $75.84 for property insurance. The escrow portion of the monthly payment is subject to periodic adjustment in the ordinary course to ensure that sufficient funds are available when necessary to pay taxes and insurance, when due. |

| Class No. 5 – Chase Home Mortgage | Claim No. 6 | Impaired | Class No. 5 is impaired by this Plan.

The holder of the claim hold a mortgage on Debtor's rental property located at 6597 Arancio Drive, Jacksonville, Florida.

The Debtor will value this property at the replacement value of $134,198.00. The Debtor will pay the valuation amount together with fixed interest at the rate of 4.5% per annum, simple interest, by 360 monthly payments of $677.42, commencing from the effective date of the Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier.

To the extent that the foregoing mortgage secures an escrowed load, then the escrow portion of the payment shall be added to the above-mentioned principal / interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. |
| Class No. 6 – Chase Home Mortgage. | Claim No. 12 | Impaired | Class No. 6 is impaired by this Plan.

The holder of the claim hold a mortgage on Debtor's rental property located at 6832 West Virginia Avenue, Jacksonville, Florida.

The Debtor will value this property at the replacement value of $52,493.00. The Debtor will pay the valuation amount together with fixed interest at the rate of 4.5% per annum, simple interest, by 360 monthly payments of $264.98, |

| | | | |
|---|---|---|---|
| | | | commencing from the effective date of the Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier.<br><br>To the extent that the foregoing mortgage secures an escrowed load, then the escrow portion of the payment shall be added to the above-mentioned principal / interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier.<br><br>To the extent that the foregoing mortgage secures an escrowed load, then the escrow portion of the payment shall be added to the above-mentioned principal / interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. |
| Class No. 7 – BAC Home Loans Servicing, L.P. | Claim No. 10 | Impaired | Class No. 7 is impaired by this Plan.<br><br>The holder of the claim hold a mortgage on Debtor's rental property located at 1645 West 24th Street, Jacksonville, Florida.<br><br>The Debtor will value this property at the replacement value of $53,059.00.  The Debtor will pay the valuation amount together with fixed interest at the rate of 4.5% per annum, simple interest, by 360 monthly payments of $268.48, commencing from **June 1, 2013.** |

| | | | |
|---|---|---|---|
| | | | To the extent that the foregoing mortgage secures an escrowed load, then the escrow portion of the payment shall be added to the above-mentioned principal / interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.<br><br>Debtor shall maintain insurance on the collateral and the insurance premium will be paid directly by the Debtor.<br><br>**Commencing June 1, 2013, the total; monthly payment shall be $403.50**, which shall include $268.48 for principal and interest; $45.00 to cure deficiency on real estate taxes; and $90.02 for real estate taxes.  The escrow portion of the monthly payment is subject to periodic adjustment in the ordinary course to ensure that sufficient funds are available when necessary to pay taxes and insurance, when due. |
| Class No. 8 – BAC Home Loans Servicing, L.P. | Claim No. 15 | Impaired | Class No. 8 is impaired by this Plan.<br><br>The holder of the claim hold a mortgage on Debtor's rental property located at 1939 West 30th Street, Jacksonville, Florida.<br><br>The Debtor will value this property at the replacement value of $41,146.00.  The Debtor will pay the valuation amount together with fixed interest at the rate of 4.5% per annum, simple interest, by 360 monthly payments of $208.48, commencing **June 1, 2013.** |

| | | | |
|---|---|---|---|
| | | | To the extent that the foregoing mortgage secures an escrowed load, then the escrow portion of the payment shall be added to the above-mentioned principal / interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.<br><br>**Commencing June 1, 2013, the total; monthly payment shall be \$304.82**, which shall include \$208.48 for principal and interest; \$53.63 for real estate taxes; and \$42.71 for property insurance. The escrow portion of the monthly payment is subject to periodic adjustment in the ordinary course to ensure that sufficient funds are available when necessary to pay taxes and insurance, when due. |
| Class No. 9 – Bank of America Mortgage / BAC Home Loans Servicing, L.P. | Claim No. 11 | Impaired | Class No. 9 is impaired by this Plan.<br><br>The holder of the claim hold a mortgage on Debtor's rental property located at 4016 North Stuart Street, Jacksonville, Florida.<br><br>The Debtor will value this property at the replacement value of \$61,298.00. The Debtor will pay the valuation amount together with fixed interest at the rate of 4.5% per annum, simple interest, by 360 monthly payments of \$309.43, commencing from the effective date of the Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier.<br><br>To the extent that the foregoing mortgage secures an escrowed |

| | | | load, then the escrow portion of the payment shall be added to the above-mentioned principal / interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. |
|---|---|---|---|
| Class No. 10 – JM Associates Federal Credit Union. | Claim No. 4 | Unimpaired | Class No. 10 is unimpaired by this Plan.<br><br>The holder of the claim hold a mortgage on Debtor's 2007 Toyota Tundra.<br><br>The Debtor will continue making contractual monthly payments of $500.52, commencing from the effective date of the Plan, until the debt is paid in full. |
| Class No. 11- Mike Hogan, Tax Collector. | | Unimpaired | Class No. 11 is unimpaired by this Plan.<br><br>The holder of the claim holds statutory liens on Debtor's real properties located in Duval County, Florida.<br><br>There are no delinquent real estate owed by the Debtor, therefore, noting will be distributed to this Class under this Chapter 11 Plan. |
| Class No. 12 – Healthcares Coop Credit Union. | Claim No. 2 | Impaired | Class No. 12 is Impaired by this Plan.<br><br>The holder of the claim hold a lien on certain bank deposits.<br><br>Debtor owes $3,540.53 on this debt. The foregoing amount shall be paid together with fixed interest at the rate of 5.5% per annum, simple interest, over 60 months, by a monthly payment of $67.63, |

| | | | |
|---|---|---|---|
| | | | commencing from the effective date of this Plan. |
| Class No. 13 – General Unsecured Claims | | Impaired | Class No. 13 includes all unsecured claims allowed under Section 502 of the Bankruptcy Code including any deficiency claims that may arise as a result of treatment of Classes 2 through 11 creditors.<br><br>Debtor has non-exempt assets worth $8,200.00. Debtor shall purchase his non-exempt assets from Debtor-in-Possession for $8,200.00 to be paid over eight (8) months from the effective date of the Plan. After accumulating these funds, same will be distributed pro rata, among unsecured creditor. |

**COPIES FURNISHED TO:**

**Rehan N. Khawaja, Esquire**
817 North Main Street
Jacksonville, Florida 32202
Attorney for Debtor

**United States Trustee**
400 W. Washington Street
Suite 1100
Orlando, Florida 32801

### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

IN RE:

**DARRYL EMERY GORDON,**

CASE NO.: 10-10454-3G1

Debtor.

# PLAN OF REORGANIZATION

**REHAN N. KHAWAJA, ESQUIRE**
Florida Bar No.:       0064025
Bankruptcy Law Offices of Rehan N. Khawaja
817 North Main Street
Jacksonville, Florida 32202
Telephone:       904) 355-8055
Facsimile:       (904) 355-8058
Electronic Mail:       Khawaja@fla-bankruptcy.com

Attorney for Debtor-in-Possession

## ARTICLE I
## SUMMARY

This plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy code (the "code") proposes to pay creditors of the Debtor from future income of the Debtor derived from rental income generated from the rental property that the Debtor owns.

This Plan provides for 1 class of priority tax claims, 10 classes of secured claims and 2 classes of unsecured claims.  Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 10 cents on the dollar. This Plan also provides for the payment of the administrative and priority claims either upon the effective date of the Plan or as allowed under the Bankruptcy code. All creditors and equity security holders should refer to Article II through VI of this Plan of information regarding the precise treatment of their claim.  A disclosure statement that provides more detailed information regarding this Plan and the rights of the creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

| | | |
|---|---|---|
| 2.01 | Class No. 1: | All allowed claims entitled to priority under 11 U.S.C. § 507 (except administrative expenses claims under 11 U.S.C. § 507 (a)(8)). |
| 2.02 | Class No. 2: | The claim of or serviced by BAC Home Loan Servicing to the extend allowed as a secured claim under Section 506 of the Bankruptcy Code, secured by Debtor's homestead property located at 10603 Wesson Way, Jacksonville, Florida. |
| 2.03 | Class No. 3: | The claim of or serviced by Aurora Loan Servicing to the extend allowed as a secured claim under Section 506 of the Bankruptcy Code, secured by Debtor's property located at 716 West 21st Street, Jacksonville, Florida. |

2.04   **Class No. 4:**      The claim of or serviced by First Franklin Loan Servicing /
                              BAC Home Loans Servicing, L.P. to the extend allowed
                              as a secured claim under Section 506 of the Bankruptcy
                              Code, secured by Debtor's property located at 452 East 45th
                              Street, Jacksonville, Florida.

2.05   **Class No. 5:**      The claim of or serviced by Chase Home Mortgage
                              to the extend allowed as a secured claim under Section 506
                              of the Bankruptcy Code, secured by Debtor's property
                              located at 6597 Arancio Drive, West, Jacksonville, Florida.

2.06   **Class No. 6:**      The claim of or serviced by Chase Home Mortgage
                              to the extend allowed as a secured claim under Section 506
                              of the Bankruptcy Code, secured by Debtor's property
                              located at 6832 West Virginia Avenue, Jacksonville,
                              Florida.

2.07   **Class No. 7:**      The claim of or serviced by BAC Home Loans Servicing,
                              to the extend allowed as a secured claim under Section 506
                              of the Bankruptcy Code, secured by Debtor's property
                              located at 1645 West 24th Street, Jacksonville, Florida.

2.08   **Class No. 8:**      The claim of or serviced by BAC Home Loans Servicing
                              to the extend allowed as a secured claim under Section 506
                              of the Bankruptcy Code, secured by Debtor's property
                              located at 1939 West 30th Street, Jacksonville, Florida.

2.09   **Class No. 9:**      The claim of or serviced by Bank of America Mortgage
                              or BAC Home Loans Servicing, L.P. to the extend allowed
                              as a secured claim under Section 506 of the Bankruptcy
                              Code, secured by Debtor's property located at 4016 North
                              Stuart Street, Jacksonville, Florida.

2.10   **Class No. 10:**     The claim of or serviced by JM Associates Federal Credit
                              Union to the extend allowed as a secured claim under
                              Section 506 of the Bankruptcy Code, secured by Debtor's
                              2007 Toyota Tundra.

2.11   **Class No. 11:**     The claim of or serviced by Mike Hogan, Tax Collector
                              to the extend allowed as a secured claim under Section 506
                              of the Bankruptcy Code, secured by Debtor's properties.

2.12   **Class No. 12:**     The claim of Healthcares Coop Credit Union, secured by
                              certain bank deposits.

**2.13  Class No. 13:**   All unsecured claims allowed under Section 502 of the Bankruptcy Code including any deficiency claims that may arise as a result of treatment of Classes 2 through 11 creditors.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

**3.01. Unclassified Claims:**   Under section §1123(a)(1), administrative expense claims, and priority tax claims are not considered as "class" under the Bankruptcy Code.

**3.02. Administrative Expense Claims:**   Each holder of an administrative expense claim allowed under §503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

**3.03. Priority Tax Claims:**   Each holder of a priority tax claim will be paid in full along with interest at the rate of 5.00%, by regular installments within 5 years from the effective date of the Plan.

**3.04. United States Trustee Fees:**   All fees required to be paid by 28 U.S.C. § 1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
### TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interest shall be treated as follows under this Plan:

| CLASS | CLAIM NO IF AVAILBALE | IMPAIRMENT | TREATMENT |
|---|---|---|---|
| Class No. 1 – Priority Claims. | | N/A | Class No. 1 is unimpaired by this Plan, and each holder of a Class No. 1 Priority Claim will be paid in full, upon the later of the effective date of this Plan as defined in Article VIII, or the date on which such claim is allowed by a non-final appealable order, except tax claims that will be paid over sixty (60) months from the effective date of the Plan together with interest at the rate of 4.00% per annum simple interest. |
| Class No. 2 - BAC Home Loan Servicing. | Claim No. 9 | Impaired | Class No. 2 is unimpaired by this Plan.

The holder of the claim hold a mortgage on Debtor's homestead property located at 10603 Wesson Way, Jacksonville, Florida.

Debtor shall commence the regular monthly payments on this debt beginning the effective date of the plan. The pre-petition arreagares in the amount of $44,671.69, together with the post-petition arrearages up through the effective date of the Plan shall be cured over 120 months, commencing from the effective date of the Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. To the extent that the foregoing mortgage secures an escrowed load, then the escrow portion of the |

| | | | |
|---|---|---|---|
| | | | payment shall be added to the above-mentioned principal / interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. |
| Class No. 3 – Aurora Loan Servicing. | Claim No. 5 | Impaired | Class No. 3 is impaired by this Plan.<br><br>The holder of the claim hold a mortgage on Debtor's rental property located at 716 West 21st Street, Jacksonville, Florida.<br><br>The Debtor will value this property at the replacement value of $57,693.00. The Debtor will pay the valuation amount together with fixed interest at the rate of 4.5% per annum, simple interest, by 360 monthly payments of $291.23, commencing from the effective date of the Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier.<br><br>To the extent that the foregoing mortgage secures an escrowed load, then the escrow portion of the payment shall be added to the above-mentioned principal / interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. |
| Class No. 4 – First Franklin Loan Servicing / BAC Home Loan Servicing, L.P. | Claim No. 13 | Impaired | Class No. 4 is impaired by this Plan.<br><br>The holder of the claim hold a mortgage on Debtor's rental property located at 452 East 45th Street, Jacksonville, Florida.<br><br>The Debtor will value this property at the replacement value of $69,173.00. The Debtor will pay |

| | | | |
|---|---|---|---|
| | | | the valuation amount together with fixed interest at the rate of 4.5% per annum, simple interest, by 360 monthly payments of $349.18, commencing from the effective date of the Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier.<br><br>To the extent that the foregoing mortgage secures an escrowed load, then the escrow portion of the payment shall be added to the above-mentioned principal / interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. |
| Class No. 5 – Chase Home Mortgage | Claim No. 6 | Impaired | Class No. 5 is impaired by this Plan.<br><br>The holder of the claim hold a mortgage on Debtor's rental property located at 6597 Arancio Drive, Jacksonville, Florida.<br><br>The Debtor will value this property at the replacement value of $134,198.00.  The Debtor will pay the valuation amount together with fixed interest at the rate of 4.5% per annum, simple interest, by 360 monthly payments of $677.42, commencing from the effective date of the Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier.<br><br>To the extent that the foregoing mortgage secures an escrowed load, then the escrow portion of the payment shall be added to the above-mentioned principal / interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. |

| Class No. 6 – Chase Home Mortgage. | Claim No. 12 | Impaired | Class No. 6 is impaired by this Plan. |
|---|---|---|---|
| | | | The holder of the claim hold a mortgage on Debtor's rental property located at 6832 West Virginia Avenue, Jacksonville, Florida. |
| | | | The Debtor will value this property at the replacement value of $52,493.00. The Debtor will pay the valuation amount together with fixed interest at the rate of 4.5% per annum, simple interest, by 360 monthly payments of $264.98, commencing from the effective date of the Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. |
| | | | To the extent that the foregoing mortgage secures an escrowed load, then the escrow portion of the payment shall be added to the above-mentioned principal / interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. |
| | | | To the extent that the foregoing mortgage secures an escrowed load, then the escrow portion of the payment shall be added to the above-mentioned principal / interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. |

| Class No. 7 – BAC Home Loans Servicing, L.P. | Claim No. 10 | Impaired | Class No. 7 is impaired by this Plan.<br><br>The holder of the claim hold a mortgage on Debtor's rental property located at 1645 West 24th Street, Jacksonville, Florida.<br><br>The Debtor will value this property at the replacement value of $53,059.00. The Debtor will pay the valuation amount together with fixed interest at the rate of 4.5% per annum, simple interest, by 360 monthly payments of $267.84, commencing from the effective date of the Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. To the extent that the foregoing mortgage secures an escrowed load, then the escrow portion of the payment shall be added to the above-mentioned principal / interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. |
| Class No. 8 – BAC Home Loans Servicing, L.P. | Claim No. 15 | Impaired | Class No. 8 is impaired by this Plan.<br><br>The holder of the claim hold a mortgage on Debtor's rental property located at 1939 West 30th Street, Jacksonville, Florida.<br><br>The Debtor will value this property at the replacement value of $41,146.00. The Debtor will pay the valuation amount together with fixed interest at the rate of 4.5% per annum, simple interest, by 360 monthly payments of $207.70, commencing from the effective date of the Plan or the date that the Court orders Adequate Protection |

| | | | |
|---|---|---|---|
| | | | to the creditor, whichever is earlier.<br><br>To the extent that the foregoing mortgage secures an escrowed load, then the escrow portion of the payment shall be added to the above-mentioned principal / interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. |
| Class No. 9 – Bank of America Mortgage / BAC Home Loans Servicing, L.P. | Claim No. 11 | Impaired | Class No. 9 is impaired by this Plan.<br><br>The holder of the claim hold a mortgage on Debtor's rental property located at 4016 North Stuart Street, Jacksonville, Florida.<br><br>The Debtor will value this property at the replacement value of $61,298.00. The Debtor will pay the valuation amount together with fixed interest at the rate of 4.5% per annum, simple interest, by 360 monthly payments of $309.43, commencing from the effective date of the Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier.<br><br>To the extent that the foregoing mortgage secures an escrowed load, then the escrow portion of the payment shall be added to the above-mentioned principal / interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan. |
| Class No. 10 – JM Associates Federal Credit Union. | Claim No. 4 | Unimpaired | Class No. 10 is impaired by this Plan.<br><br>The holder of the claim hold a mortgage on Debtor's 2007 Toyota Tundra. |

| | | | |
|---|---|---|---|
| | | | The Debtor will continue making contractual monthly payments of $500.52, commencing from the effective date of the Plan, until the debt is paid in full. |
| Class No. 11- Mike Hogan, Tax Collector. | | Unimpaired | Class No. 11 is unimpaired by this Plan.<br><br>The holder of the claim holds statutory liens on Debtor's real properties located in Duval County, Florida.<br><br>There are no delinquent real estate owed by the Debtor, therefore, noting will be distributed to this Class under this Chapter 11 Plan. |
| Class No. 12 – Healthcares Coop Credit Union. | Claim No. 2 | Impaired | Class No. 12 is Impaired by this Plan.<br><br>The holder of the claim hold a lien on certain bank deposits.<br><br>Debtor owes $3,540.53 on this debt. The foregoing amount shall be paid together with fixed interest at the rate of 4.5% per annum, simple interest, over 60 months, by a monthly payment of $65.76, commencing from the effective date of this Plan. |
| Class No. 13 – General Unsecured Claims | | Impaired | Class No. 13 includes all unsecured claims allowed under Section 502 of the Bankruptcy Code including any deficiency claims that may arise as a result of treatment of Classes 2 through 11 creditors.<br><br>Debtor has non-exempt assets worth $8,200.00. Debtor shall purchase his non-exempt assets from Debtor-in-Possession for |

| | | | $8,200.00 to be paid over eight (8) months from the effective date of the Plan. After accumulating these funds, same will be distributed pro rata, among unsecured creditor. |
|---|---|---|---|

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

**5.01. Disputed Claim:** A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either : (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

**5.02. Delay of Distribution on a Disputed Claim.** No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

**5.03. Settlement of Disputed Claims.** The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.01 Assumed Executory Contracts and Unexpired Leases.**

    (a) The Debtor assumes the following executory contracts and/or unexpired Leases effective upon the effective date of this Plan as provided in Article VII:

        (i)    Leases between debtor and all tenants currently renting properties on the effective date of this Chapter 11 Plan.

(b) The Debtor will be conclusively deemed to have rejected all executory
contracts and/or unexpired leases not expressly assumed under section 6.01
(a) above, or before the date of the order confirming this Chapter 11 Plan. A
proof of a claim arising from the rejection of an executory contract or
unexpired lease under this section must be filed no later than thirty (30) days
after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THIS PLAN

**7.01 Property of the Estate; Release of Liens:**     The Debtor will retain all property of
the estate and such property shall revest in the Debtor at discharge. Thereafter, the Debtor may
use, acquire and dispose of his property free of any restrictions of the Bankruptcy Code, the
Bankruptcy Rules, and the Bankruptcy Court. As of the effective date of this Chapter 11 Plan,
all property retained by the Debtor and sold shall be free and clear of any and all liens and
interests except as specifically provided in the Plan or the order confirming Plan.

**7.02 Duty to Correctly Credit Payments:**  Confirmation of this Chapter 11 Plan shall
impose an affirmative duty on the holders and/or the servicers of any claims secured by liens,
mortgages and/or deeds of trust to recalibrate any accounting system designed to account for
distributions made under this Chapter 11 Plan to the value of each claim as provided under this
Plan and to apply the direct post-petition monthly payments paid on account of the Debtor to the
month in which each payment was paid, whether or not such payments are immediately applied
by the creditor to the outstanding loan balance or are placed into some type of suspense,
forbearance or similar account. All payments made to any creditors on account of the Debtor
after confirmation of this Plan.

## ARTICLE VIII
## GENERAL PROVISIONS

**8.01. Definitions and Rules of Construction**. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or constructed in the Bankruptcy Code are used in this Plan, and as are generally understood.

**8.02. Effective Date of Plan**. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

**8.03. Severability**. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect or any other provision of this Plan.

**8.04. Binding Effect**. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**8.05. Captions**. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of the Plan.

**8.06. Controlling Effect**. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**8.07. Corporate Governance**. No provisions required by § 1123(a)(6) of the Code.

## ARTICLE IX
## DISCHARGE

9.01. **Discharge.** On the confirmation date of this Chapter 11 Plan, the Debtor will be discharged from any debt that arose before the confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Bankruptcy Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind in § 1141 (d)(6)(A) if a timely complaint was filed in accordance with Rule 4007 (c) of the Federal Rules of Bankruptcy Procedures; or (iii) of a kind specified in § 1141 (d)(6)(B).

## ARTICLE X
## OTHER PROVISIONS

10.01. **Payments.** Payments to the various Classes under this Chapter 11 Plan shall commence twenty (20) days after the date that the Plan of Re-organization becomes final and non-appealable unless otherwise specifically stated with respect to treatment o each particular class.

**DATED:**    This 26 day of May, 2011.

REHAN N. KHAWAJA, ESQUIRE
Florida Bar No. 0064025
Bankruptcy Law Offices of Rehan Khawaja
817 North Main Street
Jacksonville, FL 32202
Telephone:    (904) 355-8055
Facsimile:    (904) 355-8058
E-Mail:    Khawaja@fla-bankruptcy.com

Attorney for Debtor

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was furnished to Office of the United States Trustee, 135 W, Central Boulevard, Suite # 620 Orlando, FL 32801 and to all interested parties as listed on the attached matrix, by CM/ECF filing or by United States First Class Mail, by depositing the same on this _26th_ day of May, 2011.

**REHAN N. KHAWAJA, ESQUIRE**
Florida Bar No. 0064025
Bankruptcy Law Offices of Rehan Khawaja
817 North Main Street
Jacksonville, FL 32202
Telephone:     (904) 355-8055
Facsimile:     (904) 355-8058
E-Mail:        Khawaja@fla-bankruptcy.com

Attorney for Debtor

Label Matrix for local noticing
113A-3
Case 3:10-bk-10454-PMG
Middle District of Florida
Jacksonville
Thu May 26 09:09:02 EDT 2011

Darryl Emery Gordon
10603 Neeson Way
Jacksonville, FL 32221-3112


AT&T Mobile
P.O. Box 8212
Aurora, IL 60572-8212


Ar Resources Inc
P.O. Box 1056
Blue Bell, PA 19422-0287


Aurora Loan Services
10350 Park Meadows Drive
Littleton, CO 80124-6800


BAC Home Loan
P.O. Box 5170
Simi Valley, CA 93062-5170


BAC Home Loans Servicing, L.P.
C/o Brad W. Hissing, Esq.
PO Box 800
Tampa, FL 33601-0800


BAC Home Loans Servicing, LP
c/o Prober & Raphael, A Law Corporation
20750 Ventura Blvd., Suite 100
Woodland Hills, CA 91364-6207


Bank of America Mortgage
1425 N.W. 62nd Street
Fort Lauderdale, FL 33309-1990


Beneficial
P.O. Box 8873
Virginia Beach, VA 23450-8873


BAC Home Loans Servicing, LP, c/o Prober & R
20750 Ventura Blvd., Suite 100
Woodland Hills, CA 91364-6207


JM Associates Federal Credit Union
c/o Elba Serrano-Torres
P.O. Box 4128
Tallahassee, FL 32315-4128


Afni, Inc.
P.O. Box 3427
Bloomington, IL 61702-3427


Ashley L. Simon, Esquire
P.O. Box 800
1505 North Florida Avenue
Tampa, FL 33602-2613


Aurora Loan Services, LLC
Mark Peary
9409 Philadelphia Road
Baltimore MD 21237-4103


BAC Home Loan
P.O. Box 650070
Dallas, TX 75265-0070


BAC Home Loans Servicing, LP
400 National Way
Mail Stop: CA6-919-01-23
Simi Valley, CA 93065-6414


Bank Card Services
P.O. Box 94014
Palatine, IL 60094-4014


Bankcard Service Center
P.O. Box 15710
Wilmington, DE 19886-5710


Beneficial/Hfc
P.O. Box 3425
Buffalo, NY 14240-3425


Chase Home Finance, LLC
Bankruptcy Dept.
c/o Monica Reyes
2901 Stirling Road Suite 300
Fort Lauderdale, FL 33312-6523


Rehan N. Khawaja
817 North Main Street
Jacksonville, FL 32202-3094


Amcol Systems Inc
111 Lancewood Road
Columbia, SC 29210-7523


Auroa Loan Services
P.O. Box 1706
Scottabluff, NE 69363-1706


Aurora Loan Services, LLC
P. O. Box 5180
Attn: Cashiering
Denver, CO 80217-5180


BAC Home Loan Servicing, LP
Bankruptcy Dept
Mail Stop CA6-919-01-23
400 National Way
Simi Valley, CA 93065-6414


BAC Home Loans Servicing, LP
Bk. Dept., Mail Stop CA6-919-01-23
400 National Way
Simi Valley, CA 93065-6414


Bank of America
P.O. Box 650070
Dallas, TX 75265-0070


Baptist Medical Center
800 Prudential Drive
Jacksonville, FL 32207-8211


Benjamin Ladouceur, Esquire
5110 Eisenhower Boulevard
Suite 120
Tampa, FL 33634-6338

Capital One
P.O. Box 71083
Charlotte, NC 28272-1083

Capital One Bank (USA), N.A.
by American Infosource lp as agent
PO Box 71083
Charlotte, NC 28272-1083

Chase
P.O. Box 15153
Wilmington, DE 19886-5153

Chase Bank USA, N.A.
PO Box 15145
Wilmington, DE 19850-5145

Chase Home Finance LLC
3415 Vision Drive
Columbus, OH 43219-6009

Chase Home Finance, LLC
c/o Ben Ezra & Katz, PA
2901 Stirling Rd., Ste 300
Ft. Lauderdale FL 33312-6529

Chase Home Finance, LLC
c/o Brad W. Hissing, Esq.
POB 800
Tampa Fl 33601-0800

Chase Home Finance, LLC
c/o Monica Reyes
2901 Stirling Road Suite 300
Fort Lauderdale, FL 33312-6529

Chase Home Mortgage
P.O. Box 9001871
Louisville, KY 40290-1871

Collection
94 Wells Avenue
Newton, MA 02459

Comcast
5934 Richard Street
Jacksonville FL 32216-5951

Consolidated Laboratories
1201 Monument Road, Suite 303
Jacksonville FL 32225-6494

Credit Management Lp
4200 International Pkwy
Carrollton, TX 75007-1912

Creditors Financial Group
P.O. Box 440290
Aurora, CO 80044-1500

FIA Card Services, NA as successor in intere
Bank of America NA and MBNA America Bank
1000 Samoset Drive
DE5-023-03-03
Newark, DE 19713-6000

Fac/Nab
480 James Robertson Parkway
Nashville, TN 37219-1212

Ffcc-Columbus
Po Box 20790
Columbus, OH 43220-0790

First Franklin Loan Service
150 Allegheny Center Mall
Locator #24-040
Pittsburgh, PA 15212-5335

First Franklin Loan Service
P.O. Box 660598
Locator #24-040
Dallas, TX 75266-0598

Florida Dept. of Revenue
Bankruptcy Unit
P.O. Box 6668
Tallahassee, FL 32314-6668

Frost-Arnett Agt for North FL Anesthesia Con
PO Box 198988
Nashville, TN 37219-8988

Frost-Arnett Company
P.O. Box 198988
Nashville, TN 37219-8988

Greenspoon Marder, P.A.
Trade Center South, Suite #
100 West Cypress Creek Road
Fort Lauderdale, FL 33309-2181

Healthcares Coop Cu
9790 Touchton Road
Jacksonville, FL 32246-8227

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

JM Assoc Federal Credit Unio
8619 Bayberry Road
Jacksonville, FL 32256-4431

M J Altman Companies I
112 E Fort King Street
Ocala, FL 34471-2123

Mike Hogan Tax Collector
117 W. Duval Street
Suite # 480
Jacksonville, FL 32202-5721

North Florida Anesthesia
2165 Herschel Street
Jacksonville, FL 32204-3819

Patricia Gordon
10603 Wessen Way
Jacksonville, FL 32221-3112

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Regional Adjustment Bureau
Goodlettsville Ste 5
Cordova TN 38016-4917

Secretary of the Treasury
1500 Pennsylvania Ave, NW
Washington, DC 20220-0001

Shapiro & Fishman, LLP
10004 North Dale Mabry Highw
Suite 112
Tampa, FL 33618-4421

St. Vincent Electrocardiogra
1 Shircliff May
Jacksonville, FL 32204-4748

St. Vincent's Medical Center
P.O. Box 45167
Jacksonville, FL 32232-5167

Suntrust Bank
7455 Chancellor Drive
Orlando, FL 32809-6213

U.S. Securities & Exchange Commission
Reorganization Branch, Atlanta
3475 Lenox Rd., NE, Ste. 1000
Atlanta, GA 30326-3235

United States Attorney
300 North Hogan St Suite 700
Jacksonville, FL 32202-4204

United States Attorney
300 North Hogan Street, Room 700
Jacksonville FL 32202-4204

Wells Fargo Bank NA
4137 121st Street
Urbandale IA 50323-2310

Wells Fargo Card
P.O. Box 66041
Dallas, TX 75266

Brad W. Hissing +
Kass Shuler Solomon Spector Foyle et al
PO Box 800
Tampa, FL 33601-0800

United States Trustee - JAX 11 +
135 W Central Blvd, Suite 620
Orlando, FL 32801-2440

Timothy S Laffredi +
135 West Central Blvd Suite 620
Orlando, FL 32801-2476

Allison B Duffie +
Ben-Ezra & Katz, PA
2901 Stirling Road, Suite 300
Fort Lauderdale, FL 33312-6529

Elba N Serrano-Torres +
Williams Gautier
Post Office Box 4128
Tallahassee, FL 32315-4128

Robert M Peery +
Morris Hardwick Schneider
9409 Philadelphia Road
Baltimore, MD 21237-4103

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
400 W. Bay Street
Suite # 35045
Jacksonville, FL 32202

(d)Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114

Portfolio Recovery Associates, LLC
POB 41067
Norfolk, VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Aurora Loan Services, LLC

(u)BAC Home Loans Servicing, L.P.

(u)Chase Home Finance, LLC

Case 3:10-bk-10454-PMG    Doc 153    Filed 05/30/13    Page 35 of 35

(d)Rehan N. Khawaja +
817 North Main Street
Jacksonville, FL 32202-3028

End of Label Matrix
Mailable recipients    77
Bypassed recipients     7
Total                  84